IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARIAN MOHAMED,** | : | |
| | : | Case No. 2:14-CV-00078 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Abel |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Objection (Doc. 21) to the Magistrate Judge's December 17, 2014 **Report and Recommendation** (Doc. 20), recommending that the Court overrule Plaintiff's Statement of Errors (Doc. 12) and enter judgment in favor of the Commissioner. Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED** and the Court adopts the Magistrate Judge's **Report and Recommendation**.

## I. BACKGROUND

Plaintiff filed for Disability Insurance Benefits and supplemental security income in November 2010, alleging a disability beginning September 27, 2008, at the age of 21, due to a seizure disorder and history of right shoulder injury. (Doc. 20 at 2). Her applications for Social Security Disability Insurance Benefits were denied initially. (*Id.*) Upon reconsideration (*id.*), and after a hearing in July 2012, the Administrative Law Judge ("ALJ") issued a decision concluding that Plaintiff was not disabled because she did not meet the requirements of any section of the Listing of Impairments in 20 CFR Part 404, Subpart P, Appendix 1, as required under the Social Security Act. (*See id* at 12.; *see also* 20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

1

Additionally, the ALJ found the Plaintiff had residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) with certain limitations. (*Id.*). She could not engage in frequent handling and reaching with the right upper extremity and is unable to climb ropes, ladders, or scaffolding; she could only occasionally climb ramps or stairs and must avoid all exposure to hazardous machinery or unprotected heights. (Doc. 20 at 12). The ALJ found that Plaintiff could perform several jobs and that these jobs existed in significant numbers in the regional and national economies. (*Id.*). The Appeals Council denied Plaintiff's request for review In November 2013, making the ALJ's decision final. (Doc. 20 at 2). Plaintiff then filed a complaint in U.S. District Court on April 23, 2014. (Doc. 12).

In her objection to the Magistrate Judge's report and recommendation, Plaintiff contends that it was error for the ALJ to determine that she was not disabled during any period of time. (Doc. 21). In particular, Plaintiff objects to the Magistrate Judge's report and recommendation for three reasons. First, Plaintiff asserts that the ALJ erred in finding that Plaintiff is able to communicate in English. (Doc. 21 at 1-2). Second, Plaintiff states that the ALJ erred in failing to consider the opinion of Plaintiff's treating neurologist, and third, Plaintiff contends that the ALJ erred by discounting the opinion of the consulting psychological examiner and thus improperly evaluating Plaintiff's mental health impairments. (*Id.* at 4-5).

The Magistrate Judge found that, taking the record as a whole, substantial evidence supports the ALJ's determination that Plaintiff did not meet the requirements of any of the Listing of Impairments. (Doc. 20).  Therefore, the Report and Recommendation concludes that the ALJ was justified in his determination and that judgment should be entered in favor of the Defendant Commissioner of Social Security.  (*Id.*).

## II.     STANDARD OF REVIEW

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). This Court, upon objection, is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). This review requires the Court to re-examine all the relevant evidence previously reviewed by the Magistrate Judge, to determine whether the findings of the Commissioner are in fact supported by "substantial evidence." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983); *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653, 654 (6th Cir. 1982).

This Court's review "is limited to determining whether the Commissioner's decisions 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Ellis*, 739 F.2d at 248; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365 (6th Cir.1984). In addition, the evidence must be substantial "tak[ing] into account whatever in the record fairly detracts from its weight." *Garner*, 745 F.2d 383.

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *See Buxton v. Halter,*

*Comm'r of Soc. Sec.*, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court would have arrived at a different conclusion. *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

### III.  ANALYSIS

Plaintiff's first contention of error is renewed in Plaintiff's objections to the Magistrate Judge's report and recommendation. The Magistrate Judge found that the ALJ had valid reasons for concluding that the Plaintiff failed to meet her burden in demonstrating that she was illiterate for employment purposes; this Court agrees. (*See* Doc. 20 at 18).

To support the first objection, Plaintiff states that there is overwhelming evidence to support her inability to speak and understand English. (Doc. 21 at 2). The ALJ's determination hinges on the fact that Plaintiff bears the burden to establish her educational level. (Doc. 20 at 17). Illiteracy is one category used to evaluate educational level. *See* 20 C.F.R. § 416.964. Illiteracy is the inability to read or write English. *See id.* The inability to communicate in English is another category used to evaluate educational level. *See id.*

Though there are many facts in the record indicating that Plaintiff required a translator to communicate in English, there are also facts that indicate that Plaintiff was able to understand and communicate in English. (Doc. 20 at 17). The record indicated that Plaintiff was able to apply for and obtain employment; Plaintiff did not provide any evidence indicating that she received any accommodation for difficulties in English. (*See id.*) Since Plaintiff bears the burden of establishing her educational level, it was her responsibility to prove by a preponderance of the evidence that she is unable to understand and communicate in English. Plaintiff failed to meet that burden.

There is substantial evidence to support the ALJ's conclusion. The presence of substantial evidence to support a different conclusion has consistently been rejected as a basis for

overturning an ALJ's decision. *See, e.g.*, *Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 852, 859 (6th Cir. 2011) ("If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, we are not at liberty to reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion."); *see also* Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995) ("Thus, as long as the ALJ's conclusion is supported by the evidence, we will not reverse, even if the facts permit an alternative conclusion.")(citing *Neace v. Director*, 867 F.2d 264, 267 (6th Cir.1989))). Accordingly, the Court concludes that the ALJ was justified in finding that Plaintiff did not meet her burden.

Plaintiff's second objection states that the Magistrate Judge erred by finding that the ALJ provided "good reasons" for his decision not to adopt the opinion of Dr. Lin, the Plaintiff's treating neurologist. This court agrees with the Magistrate Judge that the ALJ did provide "good reasons" for his decision not to adopt the opinion of Dr. Lin.

Plaintiff asserts that the ALJ did not provide "good reasons" for discounting the opinion of Dr. Lin and therefore has prevented meaningful court review. (Doc. 21 at 4-5). The Plaintiff casts doubt on whether the ALJ even read the opinions of Dr. Lin. (*Id.*). Nothing in the record indicates that the ALJ failed to consider all the evidence relevant to the claim. An ALJ's determination to weigh the evidence differently than what Plaintiff requests is not proof of failure to consider the evidence; it is simply an outcome that Plaintiff does not prefer.

The Commissioner will give "controlling weight" to the opinion of the treating physician only when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The Commissioner is not bound by a treating physician's opinion if it is not

5

supported by detailed clinical and diagnostic test results. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779-80 (6th Cir. 1987); *King v. Heckler*, 742 F.2d 968, 973 (6th Ciur. 1983); *Halsey v. Richardson*, 441 F.2d 1230, 1235-36 (6th Cir. 1971); *Lafoon v. Califano*, 558 F.2d 253, 254-56 (5th Cir. 1975); *see also* 20 C.F.R. §§ 404.1513(b), (c), (d), 404.1526(b), and 404.1527(a)(1).

When an ALJ decides to discount the weight given to a treating-source opinion, the ALJ must provide "good reasons" to support that decision. 20 C.F.R. § 404.1527(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013). These "good reasons" for discounting the opinion of the treating physician must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

Here, the ALJ provided "good reasons" for rejecting Dr. Lin's opinion. The opinions of Dr. Lin were not supported by objective medical evidence in the record; Dr. Lin relied on self-reports by Plaintiff rather than objective medical evidence. Therefore, the ALJ provided "good reasons" to permit meaningful review of the ALJ's application, and that determination will not be disturbed by this Court.

Plaintiff's second objection is that the ALJ discounted the opinion of the consulting psychological examiner, Dr. Donaldson, who diagnosed the Plaintiff with major depressive disorder and generalized anxiety disorder. (Doc. 21 at 4). Since Dr. Donaldson's opinion was discounted, the limitations he suggested were not included in the residual functional capacity.

Dr. Donaldson is not a treating source, so his opinions are not entitled to controlling weight. Plaintiff contends that the ALJ did not explain why he discounted the opinion of Dr.

6

Donaldson, but the record does contain reasons for discounting the doctor's opinion. The ALJ found the limitations contained in Dr. Donaldson's opinion were inconsistent with Plaintiff's daily living activities, which included working and taking classes. (Doc 20 at 29). Therefore, the ALJ's opinion is supported by substantial evidence and permits a meaningful review.

The Court concludes that the ALJ was justified in: (1) finding that the Plaintiff did not meet her burden in proving that she is unable to understand or communicate in English; (2) discounting the opinion of Dr. Lin, the treating physician; and (3) excluding mental health limitations suggested by Dr. Donaldson from the residual functional capacity.

## IV.     CONCLUSION

For these reasons, Plaintiff's Objections are hereby **OVERRULED**.  The Court adopts the Magistrate Judge's **Report and Recommendation**.  The case is **DISMISSED**.

**IT IS SO ORDERED.**


    s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED:  March 27, 2015**